# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA-CENTRAL DIVISION

| | | |
|---|---|---|
| SCOTT SMITH, | ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | |
| SYNCHRONY BANK, | ) ) ) | (Formerly Iowa District Court in and for Jasper County Case No. SCSC057533) |
| Defendant. | ) ) ) ) ) ) ) ) | |

## DEFENDANT SYNCHRONY BANK'S
## NOTICE OF REMOVAL

Defendant Synchrony Bank ("Synchrony") hereby gives notice of its removal of this action on the following grounds:

### INTRODUCTION

1. Plaintiff Scott Smith ("Plaintiff") commenced this civil action in the Iowa District Court for Jasper County. A copy of the Original Notice and Petition for a Money Judgment (May 22, 2020), being all the process, pleadings, and orders served in the state-court action, accompanies this notice as **Exhibit A**.

2. The Original Notice and Petition, particularly its Plaintiff's Exhibit A, was the initial pleading setting forth the purported claims for relief upon which the state-court action is based.

3. The case that the Original Notice and Petition purportedly stated was and is removable.

4. Defendant Synchrony Bank received the Original Notice and Petition by service on June 12, 2020.

5. Plaintiff alleges one claim for violation of Iowa Code § 537.7103(4)(e). *Id.*, at Plaintiff's Exhibit A, ¶13.

6. Synchrony is filing this notice within 30 days after receiving the Original Notice and Petition and removal is timely.[1] *See* 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

7. The Court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

8. A claim arises under the laws of the United States if the allegations "establish[ ] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Dickten Masch Plastics, LLC v. Williams*, 199 F. Supp. 3d 1207, 1213 (S.D. Iowa 2016) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)) (additional citation omitted).

9. Plaintiff's Exhibit A complains that "[t]he Defendant has violated Iowa Code § 537.7103(4)(e) by failing to report [to Trans Union, Equifax and Experian, consumer reporting agencies] the debt as disputed, thus creating a false impression of the character of the debt." Plaintiff's Exhibit A, ¶14.

10. The Fair Credit Reporting Act provides that that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under

---

[1] No substantive proceedings have occurred in the state court action. Synchrony has not filed an Answer or other responsive pleading in the state court with respect to the Petition.

. . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F).  Under the "complete preemption" doctrine, original federal jurisdiction exists as to the claim for relief by means of credit reporting dispute. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

11. It is irrelevant that Plaintiff may not have intended to plead a state law cause of action that raises a substantial and disputed issue of federal law to establish a basis for jurisdiction arising from a federal question.  In *Grable*, the Supreme Court held that federal question jurisdiction exists when a state law cause of action raises a substantial federal question that is in dispute. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 316-320 (2005) Plaintiffs may not avoid this result through artful pleading. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (holding that "[i]f a court concludes that plaintiff has 'artfully pleaded' claims" by omitting to plead federal questions, "it may uphold removal even though no federal question appears on the face of the plaintiff's complaint.").  "In other words, a plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997).

12. The state-court action is removable under 28 U.S.C. § 1441(a) & § 1446.

## ADDITIONAL REQUIREMENTS

13. Venue is proper in this Court because the action is being removed from the Iowa District Court in and for Jasper County, which lies within the Southern District of Iowa. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

14. The state-court action is not a nonremovable action under 28 U.S.C. § 1445.

15. Promptly after filing this notice, Defendant Synchrony will give written notice to the adverse Party and will file a copy with the Clerk of the state court.

16. Pursuant to LR 81(a)(2), "[a] list of all motions pending in the state court that will require resolution by this court, with the papers relating to the motions electronically attached to the list" accompanies this notice as **Exhibit B**. There are no such motions.

17. Pursuant to LR 81(a)(3), "[t]he names of counsel and the law firms that have appeared in the state court, with their office addresses, telephone numbers, facsimile numbers, and e-mail addresses (if available), and the names of the parties they represent" accompanies this notice as **Exhibit C**.

Wherefore Defendant Synchrony Bank respectfully removes this cause to this Court from the Iowa District Court in and for Jasper County, and respectfully requests that the Court accept jurisdiction of this action and make such other and further orders as are just and equitable.

July 8, 2020.                                                      **MWH LAW GROUP LLP**

*s/ Julie T. Bittner*
Julie T. Bittner AT0005576
MWH Law Group LLP
1501 42nd Street Suite 465
West Des Moines, Iowa 50265
julie.bittner@mwhlawgroup.com
Tel: (515) 453-8509
Fax: (515) 267-1408
*Counsel for Defendant Synchrony Bank*

# **Exhibit B**

Pursuant to LR 81(a)(2), a list of all motions pending in the state court that will require resolution by this court is as follows:

There are no such motions filed in *Smith v. Synchrony Bank*; Iowa District Court in and for Jasper County Case No. SCS057533.

# **Exhibit C**

Pursuant to LR 81(a)(3), the following counsel have appeared in *Smith v. Synchrony Bank*; Iowa District Court in and for Jasper County Case No. SCS057533:

Jacob Kerns
Marks Law Firm
4225 University Ave.
Des Moines, IA 50311
jake@markslawdm.com
**Attorney for Plaintiff**

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that, this 8th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and that a copy of the foregoing was served by electronic mail and First-Class U.S. Mail, postage prepaid, upon counsel of record, addressed as follows:

Jacob Kerns
Marks Law Firm
4225 University Ave.
Des Moines, IA 50311
jake@markslawdm.com

*Attorney for Plaintiff*

*s/ Elsa Chavez*